UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
*Criminal No.* 25-CR-336(JRT-JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>)<br>BRYAN EDISON, )<br>)<br>)<br>Defendant. ) | **DEFENDANT'S MOTION TO DISMISS** |

Bryan Wesley Edison, by and through his attorney, Matthew J. Mankey, submits this motion to dismiss the Indictment on the grounds that the conduct complained of in the Indictment does not violate 18 U.S.C. § 48.

The Indictment in this case alleges that between November 6, 2022 and October 19, 2023, in the State and District of Minnesota, Mr. Edison created and maintained YouTube channels on which he uploaded and made available in interstate commerce videos that he created "depicting animals being crushed and tortured for his and his viewer's sadistic enjoyment."

The animal crushing statute prohibits any video or photograph or other electronic image that depicts actual conduct where a non-human animal is tortured or otherwise subjected to cruel and/or inhumane treatment and is obscene. The statute fails to criminalize Mr. Edison's conduct on both counts.

For the reasons set forth herein, Mr. Edison respectfully submits that the conduct of which he is accused, does not constitute animal crushing as identified in the statute and case law and should therefore be dismissed.

In 2010, The Supreme Court struck down the animal crushing statute because it was overbroad under the First Amendment. *United States v. Stevens* 559 U.S. 460, 130 S.Ct. 1577, 176 L.Ed.2d 435 (2010). In response to the Supreme Court's decision in *Stevens,* Congress modified § 48 to make it a crime to knowingly create, sell, market, advertise, exchange, or distribute an "animal crush video" that (1) depicts actual conduct in which one or more non-human animals is intentionally crushed, burned, drowned, suffocated, impaled, or otherwise subjected to serious bodily injury and (2) **is obscene.** *United States v. Richards*, 755 F.3d 269 (5th Cir 2014) *citing* 18 U.S.C. § 48 (2010). (emphasis added).

The facts of *Richards* are instructive and are typical in their facts to other indictments that have charged a violation of § 48.

> In these videos, Richards is the person 'performing" while Justice is the person behind the camera. Generally, the videos portray Richards binding animals (a kitten, a puppy and a rooster), sticking the heels of her shoes into them, chopping off their limbs with a cleaver, removing their innards, ripping off their heads and urinating on them. Richards is scantily clad and talks to both the animals and the camera, making panting noises and using phrases such as 'you like that?' and 'now that's how you fu** a pussy real good.'

*Id*. at 272.

"Obscene material is not protected by the First Amendment. *Miller v. California*, 93 S.Ct. 2607, 2614 (1973) *citing Kois v. Wisconsin*, 92 S.Ct. 2245; *Roth v. United States*, 77 S.Ct. 1304, 1309 (1957). Obscenity has been defined as works which depict of describe sexual conduct. *Miller* at 2614-15. To be considered obscene, the works taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which taken as a whole, do not have serious "literary, political, or scientific value." *Id. See* also Black's Law Dictionary 6th addition, p. 1077.[1]

Richards' conduct clearly satisfied the statute's obscenity requirement by the clearly prurient nature of both her attire and commentary. Mr. Edison's conduct as alleged in the indictment does not satisfy the statute as it is not obscene.

It should be noted that all of the animal crushing cases researched by Defense Counsel included some form of sexual content in the videos and many of the defendants were

---

[1] The definition of obscene is,

Objectionable or offensive to accepted standards of decency. Basic guidelines for the trier of fact in determining whether a work which depicts or describes sexual conduct is obscene is whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the **prurient interest**, whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. (emphasis added)

Blacks Law Dictionary, 6th Edition *citing Miller v. California*, 413 U.S. 15, 24, 93 S.Ct. 2607, 2615, 37 L.Ed 2d 419 (1973).

charged with child pornography offenses as well. *See, e.g.*, *United States v. Richards*, 755 F.3d 269, 272–75 (5th Cir. 2014) (affirming § 48 conviction where defendant created animal-crush videos as a sexual performance, including simulated sex acts and explicit sexual commentary appealing to prurient interests); *United States v. Chavez*, No. 1:25-cr-00040-JPH (S.D. Ohio 2025) (indictment alleging conspiracy to commission and distribute obscene animal-crush videos involving sexual sadism, genital torture, penetration, and acts created to satisfy viewers' sexual demands); *United States v. Anglin*, No. 1:25-cr-00040-JPH (S.D. Ohio 2025) (charging solicitation and purchase of custom animal-crush videos tailored to specific sexual fetishes); *United States v. Bedra*, No. 2:24-cr-00048-EAS (S.D. Ohio 2024) (Information alleging participation in an online group dedicated to sexually abusive animal-crush videos, including genital mutilation and penetration for group sexual consumption); *United States v. Noble*, No. 6:23-cr-00181-MC (D. Or. 2023) (indictment alleging conspiracy to fund and distribute animal-crush videos depicting sexually sadistic mutilation and sodomy with objects for sexual gratification); *United States v. Favret*, No. 2:25-cr-00071-EAS (S.D. Ohio 2025) (indictment alleging sexually sadistic mutilation and penetration of animals with objects, celebrated for sexual aspects); *United States v. Dryden*, No. 1:24-cr-00066-SJD (S.D. Ohio 2024) (charging production and distribution of animal-crush videos centered on sexual sadism, genital fixation, and fetishized requests); *United States v. Fitzgerald*, No. 2:25-cr-00064-EAS (S.D. Ohio 2025) (Information alleging conspiracy to distribute obscene animal-crush videos depicting sexual abuse for sexual gratification); *United States v. Hacker*, No. 5:25-cr-002-OCR (E.D. Ky. 2025) (Information alleging conspiracy involving sexually sadistic animal-crush videos

circulated within fetish groups); *United States v. Kornienko*, No. 2:25-cr-00194-BSL-JVM (E.D. La. 2025) (Information detailing distribution of animal-crush videos depicting genital mutilation and penetration for sexualized consumption); *United States v. Macartney*, No. 2:24-cr-00025-EWH-LRL (E.D. Va. 2024) (complaint and Information alleging participation in private groups commissioning sexually sadistic animal-crush videos for sexual gratification); *United States v. Radtke*, No. 2:24-cr-00088-EWH-RJK (E.D. Va. 2024) (Information alleging conspiracy to distribute animal-crush videos involving sexually sadistic mutilation and sodomy with objects at the direction of paying viewers); *United States v. Scionti*, No. 2:24-cr-00890-JJT (D. Ariz. 2024) (criminal complaint alleging animal-crushing acts accompanied by explicit sexual statements describing arousal and orgasm); *United States v. Hendrix*, No. 1:19-cr-00139 (E.D. Tenn. 2019) (indictment charging creation and distribution of an obscene animal-crush video); *United States v. Vincent*, No. 3:21-cr-00010 (N.D. Ga. 2021) (indictment charging § 48 offenses in conjunction with sexual-exploitation crimes and obscene content); *United States v. Blackmon*, No. 1:22-cr-00227 (M.D.N.C. 2022) (indictment charging distribution of an obscene animal-crush video under § 48).

Admittedly, Mr. Edison's videos may be considered by some to be distasteful, but there is no sexual component to them. The videos simply depict predator animals eating their prey. Some people may find the videos distasteful but unpopular speech is protected by the First Amendment. See *Brown v. Entertainment Merchants*, 131 S.Ct. 2729, 2733 (2011). In fact, First Amendment case law is clear that there are few, carefully delineated exceptions to prohibition against content-based

governmental restriction on speech and those are limited to fighting words, incitement and obscenity. *Id*. Obscenity is clearly defined in *Miller v. California*, *supra*, and the obscenity exception to the First Amendment does not cover whatever the legislature finds shocking but only to depictions of sexual conduct. *Id*. at 2735. The Supreme Court has made clear that violence is not part of the obscenity that the Constitution permits to be regulated. *Id*. c*iting Winters v. New York*, 68 S,Ct. 665 (1948).

## UNDER THE GOVERNMENT'S THEORY, MUTUAL OF OMAHA'S WILD KINGDOM VIOLATES THE ANIMAL CRUSHING STATUTE.

There are many nature shows on Saturday morning television that depict the kind of animal predation that Mr. Edison captured in his videos. The Court can surely remember Mutual of Omaha's Wild Kingdom and numerous National Geographic productions that are not shy about showing wildebeests being eaten by crocodiles during the dry season in Africa when their migrations make them cross rivers. A muskellunge comes up from the deep and takes a baby duck, which is no different than Mr. Edison's video wherein a baby chicken is fed to snapping turtles. A monitor lizard attacks, kills, and eats a rodent, an eagle diving from the sky to take salmon, or a bear fishing salmon from a river during the annual salmon run, are all regular occurrences in the natural world. Those productions can justify the brutal nature of the subject matter by claiming an educational purpose. But in reality, Mr. Edison's

productions, while more controlled, depict the same kind of conduct and could be considered educational whether that was Mr. Edison's intent or not.

At the risk of redundancy, it is clear that many would find Mr. Edison's videos graphically violent and distasteful. However, what is depicted in Mr. Edison's videos are quite frankly what occurs in nature naturally. It is also true that most Americans prefer a cat or a dog to a snake or a snapping turtle, but to each his own. There are many people who chose to keep reptiles as pets and do feed them live mice or other small mammals. In fact, in pet stores sell live animals to be fed to some reptiles who will not consume dead or frozen prey. This is quite frankly all Mr. Edison did but captured it on video for others to see. Mr. Edison took the extra step of dressing one of his lizards in a costume with wings and a cape and narrated the videos, but that doesn't make them obscene as that term is used in the law or change the fact that his pets simply needed to be fed.

## CONCLUSION

For the reasons articulated herein, Mr. Edison respectfully suggests that the elements of the charging statute have not been met by his conduct and the case should be dismissed.

Defense Counsel has been made aware of the Government's position in which it makes reference to standards set by the American Zoological Association and the official policies of Petco and Petsmart. Mr. Edison respectfully requests to supplement the record with a supplemental memorandum. In said memorandum, it

is anticipated that a Constitutional attack will be argued regarding void for vagueness. A seperate motion will be filed requesting this relief.

Dated: January 30, 2026                                             Respectfully submitted,

                                                                         /s/ Matthew Mankey

                                                                Matthew J. Mankey (#0230303)

                                                                           Mankey Law Office

                                                                     701 Xenia Ave S, Suite 565

                                                                       Golden Valley, MN 55416

                                                                                (763) 560-4388

                                                                     matthewmankey@comcast.net